NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3046
_____

MAURICE DARBY,
                    Appellant

v.

TEMPLE UNIVERSITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2:15-cv-04207)
District Judge:  Honorable Mitchell S. Goldberg

Submitted Under Third Circuit L.A.R. 34.1(a)
June 11, 2019

BEFORE:  JORDAN, BIBAS, and NYGAARD, *Circuit Judges*

(Opinion Filed: December 4, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Maurice Darby appeals the District Court's grant of summary judgment in favor of Temple University. Darby, who worked as a housekeeper, alleged that Temple terminated his employment in violation of Title VII of the Civil Rights Act of 1964[1] and the Philadelphia Fair Practices Ordinance,[2] because he identifies as a Baptist. He also claimed that his termination was in retaliation for taking leave under the Family and Medical Leave Act ("FMLA").[3] We will affirm.

We analyze Darby's Title VII claim under the burden-shifting framework of *McDonnell Douglas*[4] in which the plaintiff has the initial duty of demonstrating a prima facie case.[5] Darby must show that he belongs to a protected class, he was qualified for the position, he was the subject of an adverse employment action, and that this action gives rise to an inference of discrimination.[6] In the context of religious discrimination, Darby also must show that he informed his employer of his religious beliefs before the action occurred.[7]

Darby argues on appeal that the District Court's review was flawed because it failed to infer facts in his favor, because it decided disputed facts, and because it

---

[1] 42 U.S.C. §§ 2000e to 2000e-17.
[2] Phila., Pa., Code § 9-1101 to 9-1130.
[3] 29 U.S.C. § 2615(a)(2).
[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[5] The Philadelphia Fair Practices Ordinance uses the same language and framework as Title VII and therefore the Title VII analysis applies to this claim as well. *Hong v. Temple Univ.*, No. 98-4899, 2000 WL 694764, at *9 (E.D. Pa., May 30, 2000), *aff'd* 261 F.3d 492 (3d Cir. 2001).
[6] *See Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410-11 (3d Cir. 1999).
[7] *See Protos v. Volkswagen of America, Inc.*, 797 F.2d 129, 133 (3d Cir. 1986).

improperly weighed evidence. But Darby fails to appreciate that facts which reasonably support an element of a discrimination claim are distinguished from unsupported statements and expressions of suspicion that do not. He states that he wore a cross on a chain around his neck, that he read the bible on breaks, that he spoke openly about attending church services, and that he was employed at Temple for a lengthy period of time. But none of the evidence he produced is sufficient to reasonably infer that his co-workers knew his Baptist identity. More important, none of it relates directly to the person, Thomas Johnston, who terminated his employment. He does not proffer any evidence to show that Johnston knew of his religious affiliation. And because of this, Darby failed to establish one element of his Title VII claim: that the employment action at issue gave rise to a reasonable inference of discrimination. Therefore, summary judgment on this claim and the Philadelphia ordinance claim were proper.

For his FMLA claim, Darby had to produce evidence that he took FMLA leave, he was the subject of an adverse employment decision, and that the leave was causally related to the adverse decision.[8] Using the same burden shifting framework, the District Court did not err by finding that the temporal proximity between the leave request and his termination could suggest discrimination. But it also concluded that Temple had proffered a legitimate, nondiscriminatory reason for the termination, shifting the burden back to Darby to prove that the reason was mere pretext. At this stage, some specificity is required to show that the reason given by the employer was weak, inconsistent or

---

[8] *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009).

incoherent—enough to infer that animus could have motivated the decision. There is no such evidence.

Johnston states that he terminated Darby because, while on leave, Darby came on to the campus and threatened David Chesney, a fellow employee. Johnston's decision to terminate Darby followed an investigation that examined video evidence of the event, interviews of all involved, and a determination that Darby's conduct violated University policy. Darby's attempt to undermine Johnston's decision as pretext relied on comparing this investigation to an earlier investigation Temple conducted when Darby complained that Chesney had improperly touched him. Darby characterizes the investigation of his complaint as rushed and inadequate compared to their investigation of him. Again, his position relies on unfounded suspicions and unsupported statements. It is completely insufficient to establish pretext. The District Court drew all reasonable inferences in Darby's favor and determined he did not meet his burden of proof. It properly granted summary judgment in favor of Temple on this claim.

For all of these reasons, we will affirm the order of the District Court.

4